FRANCESCUTTI v FOX CHASE CONDOMINIUM ASSOCIATION

Docket No. 323111. Submitted October 1, 2015, at Detroit. Decided October 15, 2015, at 9:00 a.m.

Michael J. Francescutti brought an action in the Macomb Circuit Court against Fox Chase Condominium Association after he slipped and fell on an icy, snow-covered sidewalk in a common area of the condominium development at which he co-owned a condominium. Plaintiff severely injured his hand and wrist as a result of the fall. Plaintiff alleged negligence and breach of contract, and defendant moved for summary disposition. The court, James M. Biernat, Jr., J., treated plaintiff's claim as naming premises liability as the basis for relief, and the court granted defendant's motion for summary disposition. Plaintiff appealed.

The Court of Appeals *held*:

1. A condominium owner is a tenant in common with other condominium owners for purposes of the common areas of a condominium development. However, use of "tenant in common" to describe plaintiff's relationship with the common areas of his condominium development does not transform plaintiff into a "tenant," as that term is understood. That is, plaintiff's status as a tenant in common does not make defendant a "lessor" for purposes of MCL 554.139, the statute requiring a lessor to maintain its property in reasonable repair.

2. Defendant owed no duty to plaintiff under the principles of premises liability because plaintiff was neither an invitee nor a licensee for purposes of those principles; plaintiff was a co-owner of the common areas of the condominium development where he was injured.

3. Plaintiff's breach of contract claim fails because he cannot identify any contractual language giving rise to a duty somehow breached by defendant from which plaintiff's injuries arose. Defendant's snow removal policy was not a contract between the parties that placed some duty on defendant to protect plaintiff from injury in the common areas of the condominium development.

Affirmed.

PROPERTY — CONDOMINIUMS — PREMISES LIABILITY — STATUS OF A CONDOMINIUM OWNER.

> A condominium owner is a tenant in common with the other condominium owners of the common areas of a condominium development; the owner of a condominium is not an invitee or licensee for purposes of a premises liability claim for injuries that occurred in a common area of the condominium development.

*Lippitt O'Keefe Gornbein, PLLC* (by *Daniel J. McCarthy*), for plaintiff.

*Bowen, Radabaugh & Milton, PC* (by *Thomas R. Bowen* and *Mary Rourke Benedetto*), for defendant.

Before: GLEICHER, P.J., and SAWYER and MURPHY, JJ.

SAWYER, J. Plaintiff appeals from the trial court's order granting summary disposition to defendant Fox Chase Condominium Association on plaintiff's slip-and-fall claim.[1] We affirm.

Plaintiff, a professional magician, is the co-owner of a condominium unit in defendant's Fox Chase development. One evening in February 2013 at approximately 11:00 p.m., plaintiff was walking his dog when he slipped and fell on an icy, snow-covered sidewalk located in a common area of the development. Plaintiff alleges that as a result of the fall, he suffered severe injuries to his hand and wrist, causing severe pain and suffering and interfering with his ability to work as a magician. Plaintiff filed this action alleging negligence and breach of contract. Defendant moved for summary disposition, arguing that the open and obvious danger

---

[1] Defendant Fox Chase is the condominium association formed under the Condominium Act, MCL 559.101 *et seq.*, while defendant Association Management, Inc. (AMI), is the management company hired by defendant Fox Chase to manage the Fox Chase complex. The claims against defendant AMI were previously dismissed by stipulation of the parties. Accordingly, we shall refer to a singular defendant, Fox Chase.

doctrine precluded the negligence claim, and that there was no contractual duty to remove the snow and ice from the common areas on which plaintiff could base a contract claim. The trial court agreed and granted defendant's motion for summary disposition.

Plaintiff first argues that the trial court erred in dismissing the negligence claim because defendant had a duty under MCL 554.139 to maintain the property in reasonable repair. We disagree. MCL 554.139 imposes such a duty on the lessor of land. Defendant is not a lessor of land leased to plaintiff. Plaintiff co-owns a condominium unit in the Fox Chase condominium development. Plaintiff attempts to employ a semantic sleight of hand by noting that under MCL 559.136 of the Michigan Condominium Act, he is a tenant in common of the common areas of the development. And because that makes him a "tenant," plaintiff posits that that makes defendant a "lessor" of the land. It, of course, does no such thing. Defendant does not lease the common areas to plaintiff under a lease, and therefore, defendant is not a "lessor" under MCL 554.139. That statute is not applicable to this case.

Next, we turn to plaintiff's argument that the trial court improperly dismissed his claim that defendant was negligent for failing to exercise ordinary care. Notably, the trial court treated plaintiff's negligence claim as one of premises liability rather than general negligence. Plaintiff begins by agreeing with the trial court that his status was one of invitee and then discusses the duty owed to an invitee. Defendant, on the other hand, argues that plaintiff should be considered a licensee, to whom a lesser duty is owed. But neither the parties nor the trial court provide any authority for the proposition that the status of an owner of a condominium unit is either an invitee or a

licensee with respect to the common areas of the development. Nor were we able to find any such authority. But this question can easily be resolved by looking at the definitions of those terms. "A 'licensee' is a person who is privileged to enter *the land of another* by virtue of the possessor's consent," while "[a]n 'invitee' is 'a person who enters upon *the land of another* upon an invitation . . . .' "[2]

The key to the resolution of this case is the phrase in both definitions, "the land of another." Plaintiff did not enter on "the land of another." Plaintiff is, by his own admission, a co-owner of the common areas of the development. Plaintiff's brief acknowledges that the condominium owners are co-owners as tenants in common of the common areas of the development. And because plaintiff is neither a licensee nor an invitee, there was no duty owed to plaintiff by defendant under premises liability. Rather, any duty owed to plaintiff by defendant must arise either from principles of general negligence or breach of contract.

As for a general negligence claim, while plaintiff's complaint merely labeled his claim as one of "negligence," rather than specifically one of premises liability, the trial court concluded that the substance of the allegations sounded in premises liability. And in reading the complaint, we agree. In any event, plaintiff's arguments on appeal focus on his misplaced statutory analysis as well as the trial court's premises liability analysis, and in particular, the applicability of the open and obvious doctrine in this case. Plaintiff does not make out an argument under general negligence. That is, although calling his claim one of general negligence,

---

[2] *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000), quoting *Wymer v Holmes*, 429 Mich 66, 71 n 1; 412 NW2d 213 (1987) (emphasis added).

plaintiff only argues the claim, with the exception of the alleged statutory violation, in the context of premises liability.

Turning to the other basis for plaintiff's claim that defendant owed a duty to him, plaintiff did plead a breach of contract claim against defendant. The trial court granted summary disposition in favor of defendant on the contract claim because plaintiff failed to identify any specific contractual language in support of his breach of contract claim. Indeed, the trial court stated that plaintiff's contract claim was "nothing more than a restatement of his premises liability claim." Plaintiff continues this shortcoming on appeal. Plaintiff directs us to no contract language that would establish a contractual duty, and thus, plaintiff can show no breach of duty. Plaintiff only points to a document that defendant sent out regarding its snow removal policy. Plaintiff cannot produce a contract that actually creates a duty, much less provide any evidence that any such duty was breached. In fact, given plaintiff's cursory treatment, it is not at all apparent that plaintiff has pursued this issue on appeal. That is, it would be reasonable to conclude that plaintiff has abandoned that issue. In any event, the trial court properly dismissed the breach of contract claim.

Affirmed. Defendant may tax costs.

GLEICHER, P.J., and MURPHY, J., concurred with SAWYER, J.